**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**WALDEMAR VALLE,**

                                        **Plaintiff,**                        **02-CV-0194(Sr)**

**v.**

**T. GEBLER, C.O., et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #13.

In a prior Decision and Order (Dkt. #36), this Court determined that plaintiff had presented the same claims, *to wit*, assault by corrections officers during the course of a pat frisk on April 9, 2001, before this Court and the New York State Court of Claims ("Court of Claims"), but denied defendants' motion for summary judgment dismissing the case as barred by the doctrine of collateral estoppel because it was impossible to determine on the record before the Court whether the plaintiff had received a full and fair opportunity to litigate his claim before the Court of Claims. Dkt. #37.

Currently before the Court is defendants' motion to vacate that Decision and Order pursuant to Fed. R. Civ. P. 60(b).  Dkt. #37.  However, this Court chooses to consider defendants' motion pursuant to Fed. R. Civ. P. 54(b), which affords the Court discretion to reconsider and revise an interlocutory order such as the prior order denying summary judgment, at any time prior to the entry of final judgment.  *See Kliszak v. Pyramid Mgmt Group, Inc.*, 1998 WL 268839 (W.D.N.Y. April 30, 1998) (collecting cases).

In support of their motion for reconsideration, defendants submit a copy of the transcript of the proceedings before the Court of Claims on September 9, 2003 ("T1"), which defense counsel obtained subsequent to the filing of the prior motion. Dkt. #38, ¶ 3.  That transcript reveals that despite plaintiff's claimed difficulty with the English language, he was able to clearly present his claim to the Hon. Renee Forgensi Minarik at the Court of Claims.  T4-5.   He read into the record a factual statement previously prepared on his behalf by Prisoners' Legal Services of New York ("PLS"), for use on appeal of his disciplinary proceedings,[1] which plaintiff said "states exactly what happened that day."  T7-11, 16.

Plaintiff also testified that he believed he was called out of the line for the pat frisk as retaliation for a 1992 incident at Southport Correctional Facility when he was charged with assaulting a corrections officer.  T16-17, 24-27.  In support of that

---

[1] The determination of guilt with respect to DOCS' disciplinary proceedings was ultimately reversed due to the lack of a complete recording of the disciplinary hearing.  T15-16.

contention, he claimed that when he arrived as porter to 35 and 36 company on C Block, approximately twelve days prior to the incident, he was told by a corrections officer not to get too comfortable, because he wasn't going to be there too long.  T37. He also testified that his company was the first to go out for recreation, but that on April 9, 2001, he was the last one to go out to the yard, so that there wouldn't be any witnesses.  T38.

During the course of the pat frisk, plaintiff testified that the corrections officers pulled plaintiff's left leg onto his shoulder at a 45° angle and then ran his hands up "the crack of my bottom" and "then squeezed my groin," while asking the other corrections officers, "you like [sic] to assault this boy."  T39-40.   When he asked the officer what was going on, plaintiff informed Judge Minarik that the corrections officer

> pulled me out . . . of the wall . . . grabbed me by my neck and hit my . . . head against the wall.  That's where I got my eyes cut up.
>      Then I fall down – He pulled my leg out, I went down on the floor and they beat me up right there.

T41.  On cross-examination, plaintiff admitted that he kicked Officer Valentino as he was being assaulted on the floor.  T41-44.

Plaintiff provided Judge Minarik with a copy of materials submitted by PLS in support of his appeal of the disciplinary proceedings arising from this incident and specifically noted to Judge Mianrik that one of the reports prepared by the New York State Department of Corrections ("DOCS"), indicates that plaintiff's injuries "were inconsistent with the injuries that I would have received or got in the incident."  T23.

-3-

Plaintiff also provided Judge Minarik with photographs of his injuries taken by DOCS on the day of the incident and by PLS on April 13, 2001.  T7-11.

In contrast to plaintiff's testimony, Officer Heltz testified that C Block, 35 Company, has never been called first to recreation.  T72.  Sergeant Bartella testified that he randomly picked plaintiff out to be pat frisked as he was walking through the C Block lobby on his way to recreation and both he and Officer Gebler testified that they had no prior contact with the plaintiff and were unaware of his disciplinary history at that time.  T47-48, 66, 98-99.  Officer Heltz also testified that he had no prior knowledge of plaintiff or his disciplinary history.  T74.

Officer Gebler testified that he was performing the pat frisk in the usual manner when plaintiff's left elbow struck him in the left side of his face.  T51-52. Sergeant Bartella and Officer Heltz each testified that they observed Officer Gebler performing the pat frisk according to standard protocol when plaintiff removed his left hand from the wall and forcefully struck Officer Gebler with his left elbow on the left side of Officer Gebler's face.  T74-75, 101-02.

Officer Gebler stepped back and pushed plaintiff into the wall in an attempt to pin him against the wall, causing plaintiff's face and body to strike the wall. T54, 76, 103.  Sergeant Bartella and Officer Heltz then observed plaintiff spin around to face Officer Gebler, at which point Officer Gebler grabbed plaintiff's right arm and Officer Heltz grabbed his left shoulder and right arm and pushed him face first to the

-4-

concrete floor, with the officers falling on top of his back.  T54-55, 76-77, 103-04.

Officer Valentino heard the commotion as he was completing a pat frisk of another

inmate and came to assist.  T86.  Plaintiff continued to struggle and turned himself over

in an attempt to get up from the concrete floor before the officers got back on top of

him, turned him over on his stomach and brought him back down to the ground so that

mechanical restraints could be applied.  T58-61, 78-79, 87-90, 105-07.

Sergeant Bartella did not observe any of the officers use batons against

plaintiff during this incident and Officers Gebler, Heltz and Valentino each testified that

they did not have time to get their batons out.  T63, 80, 90, 109.  Because of blood

exposure, Officers Gebler, Heltz and Valentino had to undergo a two week HIV regimen

and Officer Heltz had to receive hepatitis shots.  T64, 81, 94.  Officer Gebler's cheek

was swollen and bruised as a result of the assault.  T63.  Officer Valentino was kicked

by plaintiff as he attempted to subdue plaintiff's legs, suffering a concussion and a knee

injury requiring multiple surgical procedures.  T88-92.

By Decision issued March 19, 2004, Judge Minarik found

> the Claimant's theory that the guards assaulted him in
> retaliation for an incident that occurred nine years before
> strained, at best.  By contrast, I find that the testimony of all
> the officers and Sergeant Bartella to be very credible and
> consistent.  I find that Claimant disobeyed a direct order,
> came off the wall and assaulted Officer Gebler.  The force
> used by the officers responding to Claimant's attack was
> required and quite reasonable.

Dkt. #31, Exh. B.   Judge Minarik dismissed plaintiff's claim for failure to prove a *prima*

*facie* case.  Dkt. #31, Exh. B.

## ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff."  *Thomas v. Irvin*, 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise."  *Bryant*, 923 F.2d at 982.   A party seeking to defeat a motion

for summary judgment

> must do more than make broad factual allegations and
> invoke the appropriate statute.  The [party] must also show,
> by affidavits or as otherwise provided in Rule 56 of the
> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).


**Collateral Estoppel**

"[A] federal court must apply the rules of collateral estoppel of the state in

which the prior judgment was rendered." *Sullivan v. Gagnier*, 225 F.3d 161, 167 (2d Cir.

2000).  The Court of Appeals for the State of New York has explained the doctrine as

follows:

> Collateral estoppel, or issue preclusion, precludes a party
> from relitigating in a subsequent action or proceeding an
> issue clearly raised in a prior action or proceeding and
> decided against that party, whether or not the tribunals or
> causes of action are the same.  The doctrine applies if the
> issue in the second action is identical to an issue which was
> raised, necessarily decided and material in the first action,
> and the plaintiff had a full and fair opportunity to litigate the
> issue in the earlier action.  The burden rests upon the
> proponent of collateral estoppel to demonstrate the
> identicality and decisiveness of the issue, while the burden
> rests upon the opponent to establish the absence of a full
> and fair opportunity to litigate the issue in the prior action or
> proceeding.

*Parker v. Blauvelt Vol. Fire Co., Inc.*, 93 N.Y.2d 343, 351(1999) (internal quotations,

citations and alterations omitted).

> A determination whether the first action or proceeding
> genuinely provided a full and fair opportunity requires
> consideration of the realities of the prior litigation, including
> the context and other circumstances which may have had

> the practical effect of discouraging or deterring a party from
> fully litigating the determination which is now asserted
> against him.  Among the specific factors to be considered
> are the nature of the forum and the importance of the claim
> in the prior litigation, the incentive and initiative to litigate and
> the actual extent of litigation, the competence and expertise
> of counsel, the availability of new evidence, the differences
> in the applicable law and the foreseeability of future
> litigation.

*Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 490-91 (1984) (internal quotations, citations

and alterations omitted).


The facts at issue are the same in both this action and the Court of Claims

action, *to wit*, whether or not the force used by the corrections officers was reasonable

under the circumstances presented.  In addition, the transcript of the proceedings

before the Court of Claims reveals that plaintiff was afforded a full and fair opportunity

to litigate his claim in that court.  Plaintiff clearly testified as to his perception of the

events of April 9, 2001; submitted a factual statement previously prepared on his behalf

by PLS which reiterated plaintiff's testimony as to "exactly what happened that day;"

suggested a motive for the officers' assault, *to wit*, retaliation for a 1992 incident at

Southport Correctional Facility; presented photographs of his injuries; and specifically

noted DOCS' reports indicating that those injuries "were inconsistent with the injuries

that I would have received or got in the incident."  T7-11, 16, 23.  Thus, this is not a

case where plaintiff was prevented from fairly presenting his case before the Court of

Claims, but is instead a case where the factfinder determined that the evidence

presented by Sergeant Bartella and the corrections officers was more credible than the

evidence presented by plaintiff.  Plaintiff is not entitled to present the same evidence to

this Court in the hopes of achieving a more favorable result than he received from the Court of Claims.  *See Shell v. Brun*, 362 F. Supp.2d 398 (W.D.N.Y. 2005); *Goodson v. Sedlack*, 212 F. Supp.2d 255, 257-58 (S.D.N.Y. 2002).

## **CONCLUSION**

For the foregoing reasons, defendants' motion (Dkt. #37), to vacate this Court's prior Decision and Order is deemed a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b), which is **GRANTED** and upon reconsideration, summary judgment is **GRANTED**.  The Clerk of the Court is directed to enter judgment in favor of the defendants.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:       Buffalo, New York
             December 29, 2005

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

-9-